UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ARDIS LAVELLE WILSON,

    Plaintiff,

vs.

WASHINGTON TRUST BANK, SPOKANE COUNTY, SPOKANE COUNTY PROSECUTORS OFFICE, LARRY HASKELL, EUGENE MICHAEL CRUZ, THOMAS J. KIZYMINSKI and UNKNOWN POLICE OFFICER,

    Defendants.

NO. 2:16-cv-00430-JLQ

ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE

  BEFORE THE COURT is Plaintiff's First Amended Complaint, ECF No. 10. Plaintiff, a pretrial detainee at the Spokane County Jail, is proceeding *pro se* and *in forma pauperis*. The Court has not directed service of the complaint, but attorneys Michael J. Hines and Erin E. Pounds have entered notices of appearance on behalf of Defendant Washington Trust Bank. ECF Nos. 5 and 6.

  Plaintiff seeks $5,000,000.00 against each of the named Defendants. He also seeks to have a case from the Western District of Washington, *Wilbur v. City of Mount Vernon*, 989 F.Supp.2d 1122 (W.D.Wash. 2013), "re-enforce[d]." In that case, a district court found a systemic overburdening of public defenders resulted in counsels' failure to meet the client in a confidential setting and an inability to understand their clients' goals or whether defenses or mitigating circumstances required investigation. *Wilbur*, 989

ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE -- 1

F.Supp.2d at 1131–32.  Plaintiff makes no analogous allegations in his First Amended Complaint.  This Court is without authority to enforce an order of another court affecting parties over whom this Court had no jurisdiction.

Liberally construing the First Amended Complaint in the light most favorable to Plaintiff, the Court finds he has failed to present factual allegations sufficient to state a plausible claim for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## PLAINTIFF'S ALLEGATIONS

Plaintiff complains that on approximately August 22, 2016, an unknown officer searched a black laptop bag without a warrant in violation of the Fourth Amendment. ECF No. 10-1 at 10.  This is a mere legal conclusion which is not entitled to the "assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Plaintiff has failed to state a plausible claim for relief against this unknown officer.

Plaintiff claims "orders" were given to a bank to "aid and abet" law enforcement to "seize" Plaintiff. ECF No. 10-1 at 10-11.  Even if a private bank could be considered a state actor for purposes of 42 U.S.C. § 1983, Plaintiff has alleged no facts from which the inference could be drawn that the seizure of his person was without probable cause. He offers no facts from which the Court could infer that his pretrial confinement is illegal. *See Manuel v. City of Joliet*, 580 U.S. ___, 137 S. Ct. 911 (2017).  As presented, Plaintiff's allegations are insufficient to state a claim upon which relief may be granted.

Plaintiff further complains "video surveillance," which was allegedly "key evidence to his defense," was destroyed. ECF No. 10-2 at 11.  Apart from his conclusory assertions, Plaintiff fails to allege the evidence possessed "an exculpatory value that was apparent before the evidence was destroyed, and [was] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 489 (1984).  Plaintiff's factual allegations are sparse. He does not state the nature of the charges against him or what exculpatory

ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE -- 2

evidence would have been obtained from video surveillance.

Where lost or destroyed evidence is deemed to be only potentially exculpatory, as opposed to apparently exculpatory, the defendant must show that the evidence was destroyed in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Plaintiff has alleged no facts from which the Court could infer evidence was destroyed in bad faith and under color of state law, rather than in the normal course of business or due to negligence. Indeed, Plaintiff seems to allege that if other Defendants had properly set hearings, then the evidence might have been preserved. His allegations are insufficient to state a constitutional claim against Washington Trust Bank regarding the preservation of evidence.

## USE OF TERM "ET AL."

Plaintiff uses the abbreviation "et al." inappropriately. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). A plaintiff must name all defendants in his complaint (an amended complaint supersedes the initial complaint). *Id.* Failing to name all defendants in his complaint denies the court jurisdiction over the unnamed defendants. Fed. R. Civ. P. 10(a), *accord United States ex rel. Blue Circle West, Inc. v. Tucson Mechanical Contracting Inc.*, 921 F.2d 911, 914 (9th Cir. 1990). A plaintiff must be careful to list only those defendants in the caption of his complaint who are the subject of his claims.

## COUNTY DEFENDANTS

Plaintiff names Spokane County and the "Spokane County Prosecuting Office" as Defendants. Section 1983 provides a cause of action against any "person" who, under color of law, deprives an individual of federal constitutional or statutory rights. 42 U.S.C. § 1983. The term "person" includes local governmental entities, *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002), but does not encompass municipal or county departments. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005)

ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE -- 3

(Ferguson, J., concurring)(municipal police departments and bureaus are generally not considered "persons" within the meaning of section 1983). Therefore, the Spokane County Prosecutor's Office would not be a proper Defendant in this action.

A local governmental entity cannot be held liable under section 1983 for its employees' acts unless Plaintiff can prove the existence of unconstitutional policies, regulations, or ordinances, promulgated by officials with final policymaking authority. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988); *Monell v. N.Y.C. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under section 1983." *Monell,* 436 U.S. at 694. While a single decision may satisfy the "policy" requirement, that decision must have been properly made by one of the municipality's authorized decision makers--by an official who "possesses final authority to establish municipal policy with respect to the [challenged] action." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-81 (1986).

Plaintiff's conclusory assertions, without factual support, fail to show Spokane County engaged in an identified pattern or practice which has resulted in the deprivation of his constitutional rights. Plaintiff repeatedly asserts that there was negligence. Negligence is not actionable under section 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

## PROSECUTORIAL IMMUNITY

Plaintiff brings this action against Spokane County's Prosecuting Attorney, Larry Haskell, and a Deputy Prosecuting Attorney, Eugene Michael Cruz. Prosecutors are immune from liability in section 1983 actions for their quasi-judicial acts. *Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976)(absolute immunity accorded to a prosecutor who was sued for damages for knowingly using perjured testimony that resulted in an

ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE -- 4

innocent person's conviction and incarceration for nine years); *Kalina v. Fletcher*, 522 U.S. 118 (1997).

Absolute prosecutorial immunity has been extended to prosecutors who deliberately used perjured testimony, deliberately withheld exculpatory evidence, failed to make full disclosure and even to a prosecutor who conspired to fix the outcome of a case with a judge. *Imbler*, 424 U.S. at 430-431; *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc). Here, Plaintiff alleges Defendant Cruz appeared at Plaintiff's arraignment on August 23, 2016, where Plaintiff entered not guilty pleas to nine unspecified charges, but failed to set a time for an omnibus hearing. As a result, Plaintiff claims evidence he believed was important to his defense was not preserved. Liberally construing these allegations in the light most favorable to Plaintiff, they do not lower the shield of absolute prosecutorial immunity in this action pursuant to 42 U.S.C. § 1983.

## DEFENDANT THOMAS J. KIZYMINSKI

Plaintiff also names public defender Thomas J. Kizyminski as a Defendant. Whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed counsel, he does not act under color of state law. *See Polk County v. Dodson*, 454 US. 312, 325 (1981), *holding limited on other grounds by West v. Atkins,* 487 U.S. 42 (1988); *Miranda v. Clark County Nevada*, 319 F.3d 465,468 (9th Cir. 2003)(en banc) (even assuming a public defender who subpoenaed no witnesses and mounted no defense provided deficient representation, he was acting in the traditional lawyer role and would not be considered a state actor). Plaintiff's allegations are insufficient to state a viable claim for relief against Defendant Kizyminski.

## UNKNOWN POLICE OFFICER

Plaintiff names an "Unknown Police Officer" as a defendant. As a general rule, the use of "John Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, situations arise where the identity of the alleged

ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE -- 5

defendant will not be known prior to the filing of the complaint. The Court can allow a plaintiff to identify the unknown defendants through discovery unless it is clear discovery would not uncover the identity or the complaint would be dismissed on other grounds. Id.

For Plaintiff to properly name "John Doe" defendants, he must provide all of the information he would normally provide if he already knew their names. Plaintiff should identify "John Does" by their function/action (i.e. John Doe #3 was the medical officer who treated my injuries on   (Date) ). Simply saying "Unknown Police Officer" is unhelpful within the meaning of the rules of pleadings.

## ABSTENTION

To the extent Plaintiff's claims for damages are intertwined with the lawfulness of his arrest, pretrial confinement and ongoing criminal proceedings, it is appropriate for this Court to abstain from further consideration of this matter. A decision on those issues could substantially interfere with, and potentially undermine, the results reached in the state court proceeding. Some courts might stay the federal proceeding until the criminal case has ended. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007).

This Court finds abstention to be the preferred option. *See Heck v. Humphrey*, 512 U.S. 477, 487 n. 8 (1994) ("if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings"); *see also Younger v. Harris*, 401 U.S. 37, 41 (1971) (holding that absent a "great and immediate" danger of irreparable harm, federal courts may not grant injunctive relief where the result would undermine or unduly interfere with a concurrent state court proceeding); *Gilbertson v. Albright*, 381 F.3d 965, 979 n. 13 (9th Cir.2004) (noting that every circuit that has addressed the issue, aside from the Fifth Circuit, has recognized that *Younger* principles apply "in some fashion" to damages actions).

ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE -- 6

In *Younger v. Harris*, the Supreme Court held that principles of federalism, comity and equity require federal courts to abstain from enjoining ongoing state court criminal proceedings, except in specific and very narrow circumstances. *Id.* 401 U.S. at 45 ("the normal thing to do when federal courts are asked to enjoin pending [state criminal] proceedings ... is not to issue such injunctions"). "A district court should abstain under *Younger* when: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims." *Meredith v. Oregon*, 321 F.3d 807, 816 (9th Cir. 2003).

Each prong of the *Younger* abstention doctrine favors abstention in this action. There are ongoing state criminal proceeding in the Spokane County Superior Court in cause numbers 16-1-03248-7 and 16-1-03249-5[1]. These are an obvious matter of state interest. Any constitutional issues, including Fourth Amendment claims, prosecutorial misconduct, and ineffective assistance of counsel claims, may be adequately litigated in the Spokane County Superior Court. In addition, Mr. Wilson has the opportunity and means to challenge the fairness of his criminal trial in the state appellate system, and through subsequent state and federal habeas corpus proceedings if necessary.

Therefore, **IT IS ORDERED** the First Amended Complaint be **DISMISSED without prejudice** on the basis of the *Younger* abstention doctrine. In light of *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1060 (9th Cir. 2016), the Court finds such dismissal shall not count as a "strike" pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment of dismissal of the First Amended Complaint and the claims therein **without prejudice**, forward a copy to Plaintiff, and close the file. The Court certifies any appeal

---

[1] *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (appropriate to take judicial notice of materials from another tribunal).

ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE -- 7

of this dismissal would not be taken in good faith.

**DATED** this 21st day of August, 2017.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE

ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE -- 8